**STONEWOOD HOTEL CORPORATION, INC., Plaintiff and Appellee,**

v.

**SEVEN SEAS, INC., Defendant and Appellant.**

**Civ. No. 890117.**

Supreme Court of North Dakota.

March 1, 1990.

Beauclair & Cook, James L. Norris (argued), Bismarck, for plaintiff and appellee.

Kelsch, Kelsch, Ruff & Austin, Thomas D. Kelsch (argued), Mandan, for defendant and appellant.

GIERKE, Justice.

In this companion case to *Stonewood Hotel Corp., Inc. v. Davis Development, Inc.*, 447 N.W.2d 286 (N.D.1989), Seven Seas, Inc. (Seven Seas), appeals from the judgment entered in an eviction action brought by Stonewood Hotel Corporation, Inc. (Stonewood). Stonewood cross-appeals. We affirm in part, reverse in part, and remand for further proceedings.

Stonewood purchased the Stonewood Inn from Norwest Bank in July 1988. At that time, the Stonewood Inn was being operated by Davis Development, Inc. (Davis) and Seven Seas. Thereafter, Davis operated the bar and Seven Seas operated the cafe in the Stonewood Inn while the parties negotiated the terms of two contemplated long-term leases—a bar lease for Davis and a restaurant lease for Seven Seas. The parties continued their negotiations until Stonewood's attorney informed the attorney for Davis and Seven Seas that Stonewood was withdrawing its offer to lease the restaurant and bar to Seven Seas and Davis and directed them to vacate the premises by November 30, 1988.

On December 19, 1988, Stonewood brought an action to evict Davis. Stonewood did not serve Seven Seas in that action and the trial court denied Stonewood's motion to join Seven Seas. The eviction judgment in that case was reversed and the matter was remanded for further proceedings in *Stonewood v. Davis, supra.*

By summons and complaint dated January 11, 1989, Stonewood brought a separate action to evict Seven Seas. The trial court concluded (1) that, although "the parties intended a long-term Lease relationship, the facts do not establish that a long-term Lease was entered into," and (2) that, pursuant to § 47–16–05, N.D.C.C., "Seven Seas is lawfully in possession of the Stone-

wood cafe and related premises." The judgment dismissed Stonewood's eviction action and decreed that Seven Seas had a one-year lease. Seven Seas appealed and Stonewood cross-appealed. The issues raised on appeal are (1) whether the trial court correctly determined that the parties did not enter into a long-term lease; and (2) whether the trial court correctly determined that Seven Seas had a one-year lease pursuant to § 47–16–05, N.D.C.C.

■ During the negotiations for the contemplated long-term leases, the parties' attorneys exchanged several drafts of proposed leases, culminating in Draft 4 and Draft 5. Stonewood submitted Draft 4 to Seven Seas. After a telephone conversation with Stonewood's attorney, Seven Seas' attorney made some changes and returned an executed lease (Draft 5). Stonewood then informed Davis and Seven Seas that it was withdrawing its offer and directing them to vacate the premises. Relying on *Cooke v. Blood Systems, Inc.*, 320 N.W.2d 124 (N.D.1982), the trial court concluded: "[W]hen Seven Seas did not sign Draft # 4, Stonewood's offer was rejected. The signing of Draft # 5 was a counteroffer by Seven Seas." The trial court determined that the parties did not enter into a long-term lease.

Seven Seas contends that the parties reached an agreement for a long-term lease. Stonewood contends that they did not. Our decision in *Stonewood v. Davis, supra,* is dispositive of this issue. In that case, the trial court determined that the parties never agreed to a long-term lease. We reversed and remanded for reconsideration:

"It does not appear to us that the trial court considered whether the new proposals may have constituted an acceptance not dependent on Stonewood's assent to the added terms, in accordance with *Restatement (Second) of Contracts* § 61, *supra,* and § 9–03–21, N.D.C.C. We, therefore, reverse and remand for reconsideration." *Stonewood v. Davis, supra,* 447 N.W.2d at 291.

Reliance on *Cooke v. Blood Systems, Inc., supra,* is misplaced, for as we noted in *Stonewood v. Davis, supra,* 447 N.W.2d at 291 n. 2:

"The fact that Stonewood placed Davis in possession of the premises as a tenant, which partially performed leasehold obligations distinguishes this case from *Cooke v. Blood Systems, Inc., supra.* In a case such as this, possession and partial performance render application of flexible tests of acceptance, such as those contemplated in *Restatement (Second) of Contracts,* § 61 (1981), all the more appropriate for determining if parties have agreed to a lease even though they have not signed a lease, rather than application of the mirror-image offer-and-acceptance-rule enunciated in *Cooke, supra.*"

We therefore reverse the judgment insofar as it fails to adjudge the existence of a long-term lease as a result of the trial court's reliance on *Cooke v. Blood Systems, Inc., supra,* and remand for reconsideration of this issue in light of our decision in *Stonewood v. Davis, supra; Restatement (Second) of Contracts,* § 61 (1981); and § 9–03–21, N.D.C.C.

■ In its cross-appeal, Stonewood contends "that there existed only a tenancy at will between it and Seven Seas" and that the trial court erred in applying § 47–16–05, N.D.C.C., and determining that Seven Seas had a one-year lease. Section 47–16–05, N.D.C.C., provides: "A lease of real property, other than lodgings, in places where there is no usage on the subject, is presumed to be for one year from its commencement, unless otherwise expressed in the lease." The trial court determined that the presumption in § 47–16–05 controlled because "Seven Seas went into possession as a tenant," Stonewood did not sign the long-term lease, the parties did not agree that the tenancy was month-to-month, and "no evidence of usage was presented." We agree. As in *Stonewood v. Davis, supra,* at 291, "Stonewood did not present evidence overcoming the statutory presumption of a one-year lease provided in § 47–16–05, N.D.C.C."

The judgment is affirmed insofar as it dismisses Stonewood's eviction action and

decrees that Seven Seas has a one-year lease. The judgment is reversed insofar as it fails to adjudge the existence of a long-term lease as a result of the trial court's reliance on *Cooke v. Blood Systems, Inc.,* *supra,* and the matter is remanded for further proceedings in accordance with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.